**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD CHARLES SAARI,

Defendant-Appellant.

No.    17-30074

D.C. No. 6:16-cr-00001-CCL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Argued and Submitted August 30, 2018
Seattle, Washington

Before:  McKEOWN, W. FLETCHER, and GOULD, Circuit Judges.

Richard Saari pled guilty to receipt of child pornography, 18 U.S.C.

§ 2252(a)(2). He was ordered to pay restitution to the victim's mother pursuant to

18 U.S.C. § 2259 and a $5,000 assessment under the Justice for Victims of

Trafficking Act (JVTA). Saari argues that the district court's restitution award was

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

in error because there is no evidence that his conduct was the direct or proximate cause of the mother's losses. He also asks the court to reverse the district court's finding that he is non-indigent for purposes of the JVTA.

For the following reasons, we reverse the District Court's restitution calculation as inconsistent with the apportionment analysis adopted in *Paroline v. United States*, 572 U.S. 434 (2014), and remand for further proceedings consistent with that analysis. We affirm the District Court's finding of indigency.

Under 18 U.S.C. § 2259, persons who commit certain sex offenses are liable for the "full amount of the victim's losses," including costs incurred by "the legal guardian of [a minor] victim" for her own "physical, psychiatric, or psychological care." 18 U.S.C. § 2259(a), (b)(3)(A), (c). Here, the victim's mother requested restitution in the amount of $20,857.32 for past and future therapy costs. She reached that figure by adding $3,757.32 in past medical and counseling costs to projected medical and counseling expenses over a five-year period—the amount of future therapy recommended by her therapist. She calculated her future counseling costs based solely on her $60/week co-pay, not the full cost of the future counseling session. The district court found that "[t]he mother did have a pre-existing condition. But that has been exacerbated by the defendant's criminal

conduct." It then awarded the victim's mother the full $20,857.32 she sought in restitution.

In *Paroline v. United States*, 572 U.S. 434 (2014), the Supreme Court held that "a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses." *Id.* at 458. *Paroline* was concerned with the exacerbated harm caused by multiple viewers of the same pornographic image. *Id.* at 441. But the same principle applies here where Saari's actions have exacerbated the mother's pre-existing trauma. The District Court recognized that Saari's conduct only exacerbated a pre-existing condition, but it did not engage in the apportionment analysis that *Paroline* requires. On remand, the District Court should "assess as best it can from available evidence the significance of the individual defendant's conduct in light of the broader causal process that produced the victim's losses," *id.* at 459, and award a proportional amount in restitution. Section 2259(b)(1) requires a court to order restitution for "the *full* amount of the victim's losses." (emphasis added). The District Court thus may consider the full cost of the mother's future counseling, and not just her future co-pays, when calculating her general losses as part of the apportionment analysis.

With regard to the JVTA assessment, Saari has provided no credible argument that the District Court's finding of indigence was clearly erroneous or that its method of determining indigence was legally insufficient.

We **VACATE** the District Court's restitution award and **REMAND** for further proceedings consistent with this disposition. We **AFFIRM** the District Court's judgment as to the $5,000 JVTA award.

**VACATED** and **REMANDED** in part. **AFFIRMED** in part.